**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GLORIA J. HOEGH,**

                **Plaintiff,**

**-vs-**                                                       **Case No.  6:15-cv-229-Orl-18DAB**

**HON. JOHN MARSHALL KEST,**

                **Defendants.**
_____

**REPORT AND RECOMMENDATION AND ORDER TO SHOW CAUSE**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR LEAVE TO APPEAR IN FORMA PAUPERIS (Doc. No. 2 )**
>
> **FILED:**       **February 13, 2015**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the case be dismissed**. Plaintiff is further **ORDERED** to show cause why she should not be sanctioned for filing her **fourth** lawsuit seeking review of state court judgments against her despite being informed three previous times that this Court does not have jurisdiction over such suits.

      Plaintiff Gloria J. Hoegh seeks to proceed *in forma pauperis* in this matter, her fourth such case filed in this federal Court. Generally, upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v.*

*Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004). As the Court sees no basis for jurisdiction over this matter, it is **respectfully recommended** that the motion be **denied** and the case be **dismissed.**

"Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir.2000) (citing *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409-10 (11th Cir.1999)). The party seeking to litigate in federal court bears the burden of establishing such jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). A federal court must inquire *sua sponte* into the issue of jurisdiction when it appears that jurisdiction may be lacking. *Morrison, supra*, 228 F.3d at 1261. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

A document filed *pro se* is generally to be liberally construed. *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal,* 556 U.S.662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 550 U.S. 544, 555.

Plaintiff previously has filed three cases arising out of the foreclosure on her homestead (2201 Catalina Drive, Orlando, Florida): *Hoegh v. Thompson*, Case No. 15-cv-118-18TBS (foreclosure of homestead), Doc. 12 (dismissing case pursuant to *Rooker-Feldman* doctrine); *Hoegh v. Kest*, Case No. 14-cv-1476-41TBS (eviction and forced sale of homestead), Doc. 9 (dismissing case pursuant to *Rooker-Feldman* doctrine); *Hoegh v. Thompson*, Case No. 13-cv-367-37DAB, *aff'd*, Doc. 21 (Jan. 5, 2015). In Case No. 13-cv-367-37DAB, the Eleventh Circuit recently affirmed dismissal of Plaintiff's claims finding "the district court properly applied *Rooker* and therefore did not err." Doc. 21.

This Court has previously informed Plaintiff that it is not possible for her to seek review of the correctness of state court decisions by filing suit in this federal court[1], regardless of the posture

---

[1]*See also* Case No. 15-cv-118-18TBS, Doc. 7 (noting Plaintiff had previously been advised "by this Court that it lacks jurisdiction to grant her relief from a judgment of foreclosure rendered in state court because to do so would violate the Rooker-Feldman doctrine" and "Plaintiff has been informed that a judicial officer enjoys absolute immunity for acts committed while carrying out duties related to his or her judicial office"); Case No. 14-cv-1476-41TBS, Doc. 9 ("Plaintiff's Amended Complaint runs afoul of the *rooker-Feldman* doctrine.").

of the state court litigation/appeal.  In this – her fourth case challenging a state court decision involving real property – Plaintiff challenges the amount of an equitable interest awarded to her in her mother's home (816 Comstock, Winter Park, Florida) by a state judge, Judge Kest.  Doc. 1.  She alleges she was "deprived of that interest by Judge Kest's arbitrary ruling and failure to comply with Florida law." *Id*. ¶ 3.  She alleges "[a] final judgment was entered awarding Gloria J. Hoegh an equitable lien[;] the case is under appeal and the appeal process had not concluded when the complaint was filed therefore this complaint is not affected by the Rooker-Feldman Doctrine." *Id*. ¶ 4.

Once again, Plaintiff's latest Complaint fails to allege facts sufficient to state a cognizable cause of action within the jurisdiction of this Court.  As the Court stated previously:

> The Court has no jurisdiction to relieve Plaintiff from a judgment rendered in a court of competent jurisdiction.  To the extent Plaintiff purports (even while disclaiming such an intention) to challenge the final decision of the state court in a foreclosure proceeding, she runs afoul of the *Rooker-Feldman* doctrine, which provides that no federal court other than the United States Supreme Court may conduct an appellate review of a state court decision unless Congress specifically permitted it to do so.
> 
> *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  To the extent the Complaint appears to seek damages against state judicial officers, judges have absolute immunity from suits for monetary damages, if performing a judicial act. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Pierson v. Ray,* 386 U.S. 547 (1967); *Bradley v. Fisher*, 80 U.S. 335 (1871).

Case No. 13-cv-367-37DAB, Doc. 3 at 3-4.

Applied here, this federal Court cannot review the decision of a state court in the proceeding to determine the correctness of the state judge's determination of the ownership or equitable interest in real property.  Plaintiff's exclusive recourse, if she is dissatisfied with the amount of equitable interest awarded to her by Judge Kest, is to appeal to the state court of appeals – which she appears to have done – and, subsequently, to the state supreme court.

For the above reasons, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis* be **DENIED**, and the case be **DISMISSED**.

Plaintiff is **ORDERED** to show cause in writing by **March 17, 2014** why she should not be **sanctioned** for filing her **fourth** lawsuit seeking review of state court judgments against her despite being informed **three previous times** that this Court does not have jurisdiction over such suits pursuant to the *Rooker-Feldman* doctrine.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 2, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy